# Horton Township Sportsmen's Club's License

*T. G. Gregory*, for appellant.

*George W. Musser*, contra.

HIPPLE, P. J., April 10, 1941.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board to grant a club liquor license to Horton Township Sportsmen's Club for premises situated in Horton Township, Elk County, Pa. A hearing was held before the board on September 10, 1940, and on October 10, 1940, the application for such license was refused for two reasons: (1) The applicant club does not maintain a bank account; (2) the quota of licenses in the municipality, as governed by the Act of June 24, 1939, P. L. 806, is filled, and therefore the Liquor Control Board was prohibited from issuing any new license in Horton Township except for hotels as defined in the above act.

An appeal from this refusal having been taken, counsel for the applicant club and for the Liquor Control Board stipulated as follows:

1. The population of Horton Township according to the 1930 decennial census is 1,632.

2. There are two licensed premises in Horton Township, both of which are hotel licenses, to wit, liquor licenses of the "F" class.

3. Horton Township Sportsmen's Club maintains a bank account in the Brockway Citizens Bank at Brockway, Pa.

The first reason assigned by the Liquor Control Board in refusing the application for a club liquor license, viz, that the applicant club does not maintain a bank account, is sufficiently answered by the stipulation that the club does maintain a bank account in the Brockway Citizens Bank at Brockway, Pa., and, therefore, this is not considered.

There remains for consideration the second reason assigned by the board, to the effect that the board is prohibited from issuing a license because of the limitations of the Act of June 24, 1939, P. L. 806.

No question was raised by the board that the applicant club was not a bona fide organization operated for the benefit of the entire membership and for legitimate purposes, or that the organization does not come within the definition of the word "club" in the Act of June 16, 1937, P. L. 1762, sec. 1, 47 PS §744-2, or that it has not complied with the regulations of the board regarding the conduct of its affairs. The sole question for determination is whether the Act of June 24, 1939, P. L. 806, prohibits the board from issuing a new license to the applicant club because the quota of licenses for Horton Township is alleged by the board to be filled.

The Act of June 24, 1939, P. L. 806, sec. 1, defines a "hotel" as any reputable place operated by a responsible person of good reputation, where the public may, for a consideration, obtain sleeping accommodations, and in paragraph (b) provides that "In municipalities having a population of one thousand and more but less than three thousand inhabitants, [such hotel] shall have at least ten permanent bedrooms for the use of guests".

There are no restaurant or club liquor licenses or licenses for the sale of malt or brewed beverages at retail in Horton Township. The only licenses issued therein are two liquor licenses to hotels of the "F" class.

The regulations of the Liquor Control Board with relation to "F" hotel liquor licenses provide that such hotel in a city must have at least 10 and in any other place at least 6 permanent bedrooms for the use of guests. This regulation complies with the definition of the word "hotel" in the Act of June 16, 1937, P. L. 762, sec. 1, 47 PS §744-2.

Section 2 of the Act of June 24, 1939, provides as follows:

"No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or to transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

It will be noted that in determining the number of licenses issued in any municipality only restaurant licenses are to be computed. There being no restaurant liquor licenses in Horton Township, counsel for the board takes the position that hotels to which liquor licenses are issued and which do not meet the definition of "hotel" as set forth in the Act of June 24, 1939, must be counted in

determining whether the quota established by that act is filled or exceeded, and therefore the burden is upon the applicant club to show affirmatively that at least one of the two present existing hotel licenses in Horton Township should not be counted in determining the quota because such hotel license is within the definition set forth in this act.

We do not agree with this argument. While the board has designated the hotel licenses issued in Horton Township as those of the "F" class, it does not follow as a matter of course that either or both of the hotels thus licensed have less than 10 permanent bedrooms, and inasmuch as the board has based its refusal to grant the present application solely on the reason that the license quota in Horton Township has been filled, the board should sustain its action, this being a proceeding de novo, by showing that the hotels in Horton Township to which licenses have been issued do not come within the definition thereof in the Act of June 24, 1939, and should be considered as restaurant liquor licenses and be counted in determining whether or not the license quota has been filled. While the board, in considering applications for a club liquor license, may refuse in its discretion to issue such license, nevertheless, the discretion of the board must not be unreasonably exercised, and if the action of the board in passing upon such application shows an abuse of its discretion the court, on appeal, may reverse the action of the board.

Even if the quota of licenses in Horton Township were exceeded, in our opinion the Act of June 24, 1939, would not restrict the issuance of liquor licenses to bona fide clubs otherwise meeting the test of the law and the regulations of the board, and in that respect we adopt the reasoning of Judge Hoban in his opinion filed July 17, 1940, in the matter of the Appeal of Lithuanian Beneficial Association, no. 284, May sessions, 1940, in the Court of Quarter Sessions of Lackawanna County. We have considered the case of Pottstown Veterans Association

License, 36 D. & C. 593, and are forced to disagree with the interpretation of the act set forth in that opinion relating to the issuance of club licenses. We hold that by the enactment of the Act of June 24, 1939, it was not the intention of the legislature that any restriction was to be placed on the issuance of liquor licenses to bona fide clubs by reason of the population limitation set forth therein.

Both in the Pottstown Veterans Association License case, supra, and the case of Seagrave Social Club's License, 37 D. & C. 575, the number of licenses in effect in the respective municipalities *exceeded* the quota under the Act of June 24, 1939.

The last sentence of section 2 of the Act of June 24, 1939, provides: "but where such number [that is, of restaurant liquor licenses] exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

The number of licenses issued in Horton Township does not exceed the limitation in the Act of June 24, 1939. Even if it were held that the prohibition against the issuance of new licenses affected all kinds of licenses for the sale of liquor, or malt or brewed beverages at retail, including clubs, there is no prohibition against the issuance of a new club license unless the number of retail licenses to be computed in determining the population restriction *exceeds the number* allowed under the Act of June 24, 1939.

While it is true that no applicant for a license is entitled thereto as a matter of right, nevertheless, when such application is refused based upon a reason which is not valid and it appears that the discretion vested in the board with relation to the issuance of club liquor licenses was not properly exercised and the board does not affirmatively show that it is legally prevented from issuing the club liquor license, the court should sustain an appeal from such refusal.

Therefore, we are of the opinion that the reason assigned by the board to sustain its refusal to issue the license to this applicant is invalid and that the appeal should be sustained.

### Order

And now, April 10, 1941, the appeal of Horton Township Sportsmen's Club is sustained, and the Pennsylvania Liquor Control Board is hereby ordered and directed to issue a club liquor license to Horton Township Sportsmen's Club for its premises situated in Horton Township, Elk County, Pa.

Appellant is directed to pay the costs of this proceeding.